NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL DE JESUS MARTINEZ-LEYVA, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 20-71060 Agency No. A209-158-375 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,[***] District Judge.

Petitioner Noel de Jesus Martinez-Leyva, a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") order affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review factual findings, including adverse credibility decisions, under the deferential substantial evidence standard." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, "[w]e may reverse factual determinations only when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). When, as here, the BIA summarily affirms the IJ's decision without issuing a separate opinion, we review the IJ's decision as the final agency action. *See Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011).

The IJ assessed the "totality of the circumstances and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), and concluded that Martinez-Leyva was not a credible witness. Based upon that determination, the IJ denied Martinez-Leyva's claims. In arriving at that conclusion, the IJ identified material omissions, inconsistencies, and a lack of detail in Martinez-Leyva's testimony and in his asylum application. The IJ explicitly relied on the following factors to support the adverse credibility determination: (1) Martinez-Leyva's failure to include in his asylum application biographical information about his son who was born in the United

2

States, (2) inconsistencies between Martinez-Leyva's testimony and his asylum application regarding his arrest and conviction in the United States and his entries into the United States prior to March 2016, (3) Martinez-Leyva's failure to seek out the psychological evaluation recommended by the Durango attorney general's office in Mexico and Martinez-Leyva's explanation that he did not seek such care in the United States because he felt "calm" after arriving here, (4) the timing of Martinez-Leyva's asylum application that he filed only after entering the United States, marrying his partner, and subsequently being arrested for domestic violence, and (5) Martinez-Leyva's equivocal testimony when confronted with the October 2016 statement of an immigration officer that Martinez-Leyva claimed "no fear to go back to Mexico."

The inconsistencies in Martinez-Leyva's testimony about his psychological evaluation and his multiple entries into the United States undermine his claims of fear. Those inconsistencies are further bolstered by the lack of detail in Martinez-Leyva's asylum application and his evasive testimony when he was confronted with contradictory evidence about his fear of returning to Mexico. *See Shrestha v. Holder*, 590 F.3d 1034, 1045-46 (9th Cir. 2010) (considering unresponsiveness to questions and lack of detail as evidence supporting an IJ's adverse credibility determination).

Furthermore, the IJ correctly determined that Martinez-Leyva did not produce

3

sufficient documentary evidence to rehabilitate his credibility. Specifically, Martinez-Leyva testified that he possessed records from his cell phone including threatening text messages and a photograph capturing the license plate of one of the men who was supposedly threatening him. However, Martinez-Leyva—who was represented by counsel throughout his immigration proceedings—never produced that evidence.

Taken together, we conclude that the explicit factors articulated by the IJ constitute substantial evidence in support of the IJ's adverse credibility determination. Accordingly, the record evidence does not compel the conclusion that Martinez-Leyva testified credibly. We conclude that the IJ's adverse credibility determination is supported by substantial evidence, and we therefore find that he has failed to establish eligibility for asylum or withholding of removal. *See Berroteran-Melendez v. I.N.S.*, 955 F.2d 1251, 1257-58 (9th Cir. 1992).

The IJ also properly denied Martinez-Leyva's claim for CAT relief because that claim was based upon the same allegations that the IJ did not find credible. Martinez-Leyva does not identify any other evidence in the record that would compel a conclusion that he would likely be tortured if he is removed to Mexico. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (affirming the denial of CAT protection because the petitioner's CAT claim was "based on the same statements . . . that the BIA determined to be not credible" and the petitioner

"point[ed] to no other evidence that he could claim the BIA should have considered in making its determination").[1]

**PETITION DENIED.**[2]

---

[1]     Martinez-Leyva has also not meaningfully argued that internal relocation is unsafe or unreasonable. *Singh v. Bondi*, 161 F.4th 560, 568 (9th Cir. 2025).

[2]     The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.